UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARC STOLTZ, an individual, and
IAGNES STOLTZ, an individual,

    Plaintiffs,
vs.

INTEGRITY SOLUTION SERVICES, INC.,
a Missouri corporation, doing business as
"CENTRAL CREDIT SERVICES,"

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiffs, Marc Stoltz, an individual, and Iagnes Stoltz, an individual, sue Defendant, Integrity Solutions Services, Inc., a Missouri corporation, doing business as "Central Credit Services," and allege:

### *INTRODUCTION*

1.    This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statute §559.551, *et seq.*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which was promulgated to address abusive debt collection activity by Defendant.

2.    During the last several years, national attention has been directed to what has been described as the "student loan debt crisis." According to the Consumer Financial Protection Bureau ("CFPB"), the outstanding student loan debt is approaching $1.2 trillion dollars as of May, 2013. *See, "Student Debt Swells, Federal Loans Now Top a Trillion,"* Consumer Financial

Protection Bureau, July 17, 2013 available at www.consumerfinance.gov/speeches/student-debt-swells-federal-loans-now-top-a-trillion.gov.

3. As a result of the heavy debt load on graduating students, many students are unable to satisfy their student loan obligations. According to the CFPB's current statistics, 12.8% of college graduates are late or in default in making payments on their outstanding student loans.

4. In order to collect from financially distressed student loan borrowers, many debt collectors, have engaged in strong-arm and deceptive collection practices. See, *e.g.*, *Easterling v. Collecto, Inc.*, 692 Fed. 3rd 229 (2nd Circuit 2012)[misrepresentation that students loans were ineligible for bankruptcy discharge]; *Smith v. Progressive Financial Services*, 2013 WL 3995004 (Ore. 2013) *Lindsey v. FMS Investment Corporation*, 288 F.R.D. 11 (D. CT. 2013) [certification of class action against student loans collected which misrepresented terms for rehabilitation of student loans]; *Singleton v. General Revenue Corporation*, 2013 WL151181 (S.D. Fla. 2013) [preliminary approval of class action settlement arising from debt collector's misstatement of terms for rehabilitating defaulted student loans].

## *JURISDICTION*

5. Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C.§ 1367.

## *ALLEGATIONS AS TO PARTIES*

6. At all times material hereto, Plaintiff, Marc Stoltz ("Mr. Stoltz"), was *sui juris* and a resident of Broward County, Florida.

7. At all times material hereto, Plaintiff, Iagnes Stoltz ("Mrs. Stoltz"), was *sui juris*

and a resident of Broward County, Florida.

8. At all times material hereto, Defendant, Integrity Solutions Services, Inc. ("ISS"), was a Missouri corporation doing business in Broward County, Florida.

9. At all times material hereto, ISS was engaged in the collection of consumer debts using instrumentalities of interstate commerce, the telephone or the mails.

10. All acts and omissions of any employee, agent or representative of ISS detailed herein were within the scope of the employment and authority of the employee, agent or representative and were committed with actual, constructive or implied knowledge and consent of ISS or were subsequently ratified by ISS.

11. ISS is properly subject to jurisdiction in the State of Florida pursuant to the Florida Long Arm Jurisdiction Statute as a result of the performance of acts causing injury to persons within the State of Florida.

## *FACTUAL ALLEGATIONS*

### A. *Details Concerning Consumer Debt*

12. Several years prior to the filing of the instant action, Mrs. Stoltz was enrolled as a massage therapy student at the Margate School of Beauty.

13. Like many students, Ms. Stoltz was required to obtain a student loan ("2005 Student Loan") from SLM Corporation, known more commonly as "Sallie Mae" ("Sallie Mae").

14. Since attending college, Mr. Stoltz and Mrs. Stoltz (collectively "the Stoltzes") made a concerted effort to resolve their respective student loan obligations. Unfortunately, the aggregate student loan obligation of the Stoltzes was in excess of $200,000. As a result of what can best be described as "serial unemployment," the Stoltzes have been unable to service even

the interest on their respective student loan obligations.

15.     At some unknown time in the past, Sallie Mae retained ISS for the purpose of collecting monies purportedly due under the 2005 Student Loans.

### B. *Description of Abusive Collection Activities of Defendant*

#### 1. Synopsis of Abusive Tactics of ISS

16.     Commencing in September, 2014 to the date of the filing hereof, ISS, through its agents, employees and/or representatives acting within the scope of their employment and with the authority of ISS, began a pattern of conduct reasonably calculated to harass the Stoltzes into paying monies on the 2005 Student Loans.

17.     As detailed below, the collection efforts of ISS included but were in no way limited to:

- repeated and multiple telephone calls to the Stoltzes;
- use of deceptive telephone "spoofing" technology;
- improper third party communication; and
- failure to timely provide the so-called "notice of validation rights" as mandated under 15 U.S.C. §1692g.

#### 2. Improper Telephone Communications

*a. Abusive, Deceptive and Harassing Telephone Calls to Mr. Stoltz*

18.     Commencing in September, 2014, ISS made repeated telephone calls to Mr. Stoltz on his telephone concerning the 2005 Student Loan of his wife.

19.     The telephone number used by ISS was a local telephone number: (786) 629-7588.

20. By information and belief, contrary to the requirements of the FDCPA, ISS engages in "spoofing" to deliberately falsify the telephone number and/or name relayed on caller ID in order to disguise the identity of the calling party to make it more likely that the called party will engage in a telephone discussions. *See, e.g., Horowitz v. GC Services, Ltd.*, 2015 WL 1959377 (S.D. Cal. April 28, 2015)[spoofing device violates 15 U.S.C. §1692e (10)].

21. On or about September 10, 2014, a collection agent of ISS using the name or trade alias of "Lindsay Anderson" ("Ms. Anderson") telephoned the Stoltz residence in Broward County, Florida for the purpose of collecting on the 2005 Student Loan.

22. When Mr. Stoltz picked up the telephone call, Ms. Anderson demanded to speak to Mrs. Stoltz. In response, Mr. Stoltz informed Ms. Anderson that he believed his wife was at the market and that he would let his wife know that Ms. Anderson had called on her return.

23. Not willing to wait for Mrs. Stoltz to return the telephone call, Ms. Anderson immediately began to badger Mr. Stoltz with repeated questions as to why Mrs. Stoltz was not working to pay off her debts.

24. Mr. Stoltz ended the telephone call while relating to Ms. Anderson that he would inform his wife to return the telephone call upon her return.

*b. Call to Third-Party About Consumer Debt*

25. Immediately upon the conclusion of the telephone call with Mr. Stoltz, an employee of ISS believed to be Ms. Anderson telephoned the mother-in-law of Mrs. Stoltz, to-wit: Diane Stess ("Ms. Stess").

26. As with respect to the telephone call to the Stoltz residence, the caller ID at the residence of Mrs. Stess reflected a local number of (954) 889-3879.

27. The caller from ISS requested to speak to Mrs. Stoltz. In response, Ms. Stess informed the caller that Mrs. Stoltz was not at the residence of Ms. Stess.

28. In response, the caller from ISS requested the cell phone number of Mrs. Stoltz. To create a false sense of urgency, the caller from ISS informed Ms. Stess that the call from ISS involved a "personal matter" and that ISS "must get in touch with her [Mrs. Stoltz]." Fearing that some such emergency involved her daughter-in-law, Ms. Stess requested the telephone number from ISS.

29. In response, the collector of ISS provided a toll-free number and further disclosed that the call was from a collection agency.

### 2. Improper Debt Validation Procedures

30. On or about October 6, 2014, ISS sent or caused to be sent to Mrs. Stoltz correspondence known more commonly in the collection agency as a "dunning letter," for the purpose of collecting monies purportedly owed under the 2005 Student Loans ("Validation Disclosure Communication").

31. A true and correct copy of the Validation Disclosure Communication is attached hereto and incorporated herein by reference as Exhibit "A."

32. Pursuant to the Validation Disclosure Communication, ISS purportedly provided the disclosures mandated under 15 U.S.C. §1692g as follows:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the

name and address of the original creditor, if different from the current creditor.

("FDCPA Validation Disclosure")

33.     The Validation Disclosure Communication was sent more than five days after the initial communication with Mrs. Stoltz as a consumer.

### 3. Improper Cellular Telephone Communications

34.     Since the initiation of its collection efforts with respect to the 2005 Student Loan, ISS made automated telephone call(s) to the cellular phone of the Stoltzes without the consent of the Stoltzes.

### COUNT I - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI*

35.     This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA")

36.     The Stoltzes reallege and reaffirm the allegations contained in Paragraphs 1 through 34 above as if set forth hereat in full.

37.     At all times material hereto, the Stoltzes were "consumer(s)" as said term is defined under 15 U.S.C. §1692a(3).

38.     At all times material hereto, Sallie Mae was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

39.     At all times material hereto, the 2005 Student Loans was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

40.     At all times material hereto, ISS was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

41. As more particularly described above, Defendant has violated the FDCPA in that Defendant has:

   (a) communicated with third parties in connection with the collection of a debt in contravention of 15 U.S.C. §1692b(1), (2) and (3), and §1692c(b);

   (b) engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C.§1692d;

   (c) caused a telephone to ring or engaged any person in telephone communication repeatedly to annoy, abuse or harass any person at the called number in contravention of 15 U.S.C. §1692d(5).

   (d) used a false, deceptive and misleading representation or means to collect a debt in contravention of 15 U.S.C. §§1692e and (e)(10); and

   (e) failed to provide Ms. Stoltz with a notice of her right to obtain validation of the debt being collected in the manner required under 15 U.S.C. §1692g.

42. As a direct and proximate result of the violation of the FDCPA by the Defendant, the Stoltzes have been damaged. The damages of the Stoltzes include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

43. Pursuant to 15 U.S.C. §1692k, the Stoltzes are entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorneys fees.

44. The Stoltzes have retained the undersigned law office to represent their interest herein and are obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiffs, Marc Stoltz, an individual, and Iagnes Stoltz, an individual, demand judgment against Defendant, Integrity Solution Services, Inc., a Missouri corporation, doing business as "Central Credit Services," for compensatory and statutory damages, together with interest, costs and attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

### COUNT II - ACTION FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

45. This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

46. Mrs. Stoltz realleges and reaffirms the allegations contained in Paragraphs 1 through 34 above as if set forth hereat in full.

47. At all times material hereto, the 2005 Student Loan constituted a "debt" or "consumer debt" as said terms are defined under Florida Statute §559.55(1).

48. At all times material hereto, Mrs. Stoltz was a "debtor" or "consumer debtor" as said terms are defined under Florida Statute §559.55(2).

49. At all times material hereto, Sallie Mae was a "creditor" as said term is defined under Florida Statute §559.55(3).

50. At all times material hereto, ISS was a "debt collector" as said term is defined under Florida Statute §559.55(6).

51. As more particularly described above, ISS has violated the FCCPA in that ISS: (a) has willfully communicated with Mrs. Stoltz with such frequency as can reasonably be expected to harass Mrs. Stoltz or engaged in conduct which reasonably can be expected to abuse or harass

Mrs. Stoltz in contravention of Florida Statute §559.72(7); and (b) has asserted the existence of a legal right when ISS knew the legal right did not exist, to wit: the ability to use "spoofing" technology, in contravention of Florida Statute §559.72(a).

52. As a direct and proximate result of the violation of the FCCPA by the Defendant, Mrs. Stoltz has been damaged. The damages of Mrs. Stoltz include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

53. As a direct and proximate result of the actions of Defendant, Defendant is liable for punitive damages in an amount to be determined by the reasonableness of the jury.

54. Mrs. Stoltz has retained the undersigned law firm to represent her interest herein and are obligated to pay said law office a reasonable fee for its services.

55. Pursuant to Florida Statute §559.77, Mrs. Stoltz is entitled to recover actual damages together with statutory damages of $1,000.00, along with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Iagnes Stoltz, an individual, demand judgment against Defendant, Integrity Solution Services, Inc., a Missouri corporation, doing business as "Central Credit Services," for compensatory and statutory damages, together with interest, costs and attorneys fees pursuant to Florida Statute §559.77.

### COUNT III - ACTION FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227, *ET SEQUI*)

56. This is action for damages for violation of 47 U.S.C. §227, *et sequi*, known more commonly as the "Telephone Consumer Protection Act" ("TCPA"), and the regulations promulgated thereunder.

57. Plaintiffs reallege and reaffirm the allegations contained in Paragraphs 1 through 34 above as if set forth hereat in full.

58. By information and belief, in furtherance of its collection activities, ISS made repeated unlawful automated calls to the cellular phone of Plaintiffs.

59. By information and belief, Plaintiffs did not give consent to ISS to contact Plaintiffs by any means.

60. By information and belief, ISS used an unlawful auto dialer and pre-recorded messages to call the cellular phone of Plaintiffs without permission to do so in violation of the TCPA.

61. By information and belief, ISS used an illegal predictive dialer to call the cellular phone of Plaintiffs without permission to do so in violation of the TCPA.

62. By information and belief, ISS used an illegal prerecorded call to call the cellular phone of Plaintiffs without permission to do so in violation of the TCPA.

63. As more particularly described above, by information and belief, ISS placed non-emergency telephone calls to Plaintiffs' cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of Plaintiffs in violation of 47 U.S.C. §227(b)(1)(A)(iii).

64. There is no exception or justification for the numerous violations of the TCPA by ISS.

65. Each call to the cellular phone of Plaintiffs is a separate violation and entitles Plaintiffs to statutory damages against ISS in the amount of at least Five Hundred Dollars ($500.00) per call pursuant to 47 U.S.C. §227(b)(3).

66. ISS willfully and knowingly violated the TCPA and the regulations promulgated thereunder to the extent that the Court may, in its discretion, increase the amount of statutory damages to One Thousand Five Hundred Dollars ($1,500.00) per call pursuant to 47 U.S.C. §227(b)(3).

WHEREFORE, Plaintiffs, Marc Stoltz, an individual, and Iagnes Stoltz, an individual, demands judgment against Defendant, Integrity Solution Services, Inc., a Missouri corporation, doing business as "Central Credit Services" for:

   A.   Statutory damages;

   B.   A declaration that the calls of Defendant violated the TCPA;

   C.   A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

   D.   Such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs, Marc Stoltz and Iagnes Stoltz, pursuant to Rule 38, Federal Rules of Civil Procedure, demand a trial by jury of all issues so triable.

```
_____
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Fax
Email: rwmurphy@lawfirmmurphy.com
Attorney for Plaintiffs
```

**EXHIBIT "A"**

P.O. Box 1997
Southgate, MI 48195-0997



Integrity
Solution Services, Inc.

20 Corporate Hills Dr
St Charles, MO 63301
Local Phone: 816-949-8578
Toll Free: 877-803-9216

October 06, 2014

Iagnes P Stoltz
Apt 401
4960 E Sabal Palm Blvd
Tamarac, FL 33319-2619

**Account Information**
Creditor: Sallie Mae
Account #:
IFP#: 19870204
Balance Due: $4,962.13

Dear Iagnes P Stoltz:

The above referenced account has been referred to our office for collection. Previous attempts have been made by the creditor to resolve this debt. As of this date, those attempts have not been successful. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the valiidity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Note: If payment of the balance has already been made, please notify this office at 877-803-9216 to avoid further communications.

If payment has not been made and no dispute currently exists, Integrity Solution Services, Inc. is in a position to offer you a settlement opportunity. We recommend you seriously consider this offer, as it will satisfy your obligation to Sallie Mae.

Your balance is $4,962.13. The settlement amount is $2,232.96. This is a savings of $2,729.17 to you.

If you are interested in taking advantage of this opportunity, please pay the settlement amount of $2,232.96. Send your payment to Integrity Solution Services, Inc. at the address below or call us at 877-803-9216 to pay with a check by phone, or pay via debit or credit card through our website at www.payifp.com. If you are mailing payment, please detach the lower portion of this notice and return with your payment in the enclosed envelope. We are not obligated to renew this offer.

---

Please Cut Along Dotted Line and Return with Payment                    ORGSIF01

IF YOU WISH TO PAY BY CREDIT CARD FILL IN
THE INFORMATION BELOW

Check One:   ☐ VISA   ☐ MasterCard

Card Number:

Expiration Date        CCV#: (Last 3 digits on back of card)
     /

Signature:

Integrity Solution Services, Inc
PO Box 1870
St Charles, MO 63302

Hours of Operation: Mon through Thu: 8am to 9pm CT   Fri: 8am to 5pm CT   Saturday: 8am to 12pm CT